## Thomas Rogers *versus* James Woodbury.

Where the plaintiff declared in trespass for taking and carrying away his " small fish house or camp," and for burning up and destroying his " wooden camp or small house," situated on an island in another State, and it appeared in evidence that the house or camp was a one-story building about nineteen feet square without a cellar, used by the plaintiff and his men to live in every spring while he carried on the salmon fishery, it was *held*, that there was no legal presumption arising from the declaration and evidence, that the property injured was real estate, and that if the defendant would oust the courts of this commonwealth of their jurisdiction, on the ground that the cause of action was local, the burden was upon him to prove that the property was real estate.

TRESPASS.   In the writ the plaintiff is called of Newbury-port in the county of Essex, and the defendant is called of Phippsburg in the county of Lincoln and State of Maine.

The plaintiff declares, in his first count, that the defendant, at Fox Island, in Phippsburg, to wit, at Newburyport in the county of Essex, with force and arms, took and carried away the plaintiff's small fish house or camp and converted the same to his own use.

The second count has the same venue, and sets forth that the defendant, with force and arms, burnt up and utterly destroyed one wooden camp or small house belonging to the plaintiff and converted the same to his own use.

The defendant pleads the general issue.

At the trial, before *Morton* J., the plaintiff proved by the depositions in the case, that the defendant intentionally and maliciously burnt the camp.   It is described as a building about nineteen feet square, with one story and no cellar, which was used by the plaintiff and his men to live in every spring while he carried on the salmon fishery, which he had done for several years.   The defendant called it " the old shanty." One of the deponents called it " a camp," and the defendant also called it " a camp."   Another deponent described it as " a building owned and occupied by the plaintiff, which stood on Fox Island."

The defendant objected, that for aught that appeared in evidence, the land upon which the house stood was the soil and freehold of the plaintiff, and that the plaintiff's action ought to have been trespass *quare clausum fregit*, and so

could not be brought in a court in this commonwealth; and on this ground the defendant moved for a nonsuit. The judge overruled the objection; and thereupon the defendant was defaulted, and judgment was entered by consent, for forty dollars, subject to the opinion of the whole Court. If the direction of the judge was erroneous, a new trial was to be granted.

*Cushing*, for the defendant, insisted that the action was in its nature local, for the law will presume, in the absence of proof to the contrary, that a trespass done to a house is an injury to real estate. *Herlakenden's case*, 4 Rep. 63; Co. Lit. 4 *a*; *Mostyn* v. *Fabrigas*, Cowp. 167, 181. If the plaintiff did not own the land, it is to be presumed he held under a lease, or as tenant at will, or by virtue of a possession and improvement, within the betterment act; which has been reënacted in Maine.

But if the action is not local in its nature, it ought nevertheless to have been in the form of trespass *quare clausum fregit*. Dyer, 285 *b*, *pl.* 40; *Whittier* v. *Stockman*, 2 Bulstr. 88; *Welden* v. *Bridgewater*, Moore, 302; *Hoe* v. *Taylor*, Cro. Eliz. 413; *Smith* v. *Kemp*, 2 Salk. 637, 4 Mod. 187, and Carth. 285; *Woodruff* v. *Halsey*, 8 Pick. 333; Co. Lit. 4 *b*; *Wilson* v. *Macreth*, 3 Burr. 1824; *Crosby* v. *Wadsworth*, 6 East, 602; *Clap* v. *Draper*, 4 Mass. R. 266; *Worcester* v. *Green*, 2 Pick. 425.

*Marston*, for the plaintiff, cited 1 Chit. Pl. 393, 394; *Smith* v. *Milles*, 1 T. R. 479.

PUTNAM J. delivered the opinion of the Court. The defendant objects that the evidence proves that he has committed an injury for which the plaintiff should have brought an action of trespass *quare clausum fregit* in the county of Lincoln; that the cause of the action was local and not transitory; and so the court in the county of Essex was ousted of its jurisdiction. The objection has reference to the legal result of the evidence. The declaration is on a trespass to personal property. Now the plaintiff does not claim to have any interest in Fox Island. He claims only to own the camp; and unless the legal presumption is that he owned or claimed to have some interest in the land as well as in the camp, the

Rogers
*v.*
Woodbury.

Nov. 8th
1832.

Nov. 8th
1833

Court is bound to sustain the action. But we think that in the absence of any other evidence, the jury would not have been bound to consider the building described in the plaintiff's declaration as parcel of the realty. It might or it might not be so. If the owner of the land owned the building, it would be so. If he did not, and the owner of the building had no interest in the land, the building would be personal property. Now the plaintiff claims it as personal property, and proves that the defendant has been guilty of a malicious destruction of it. If the defendant would oust the courts in Massachusetts of their jurisdiction, on the ground that this was a local action, we think he should prove it to be so. But he has not produced any evidence at all. So that the question is, whether the evidence produced by the plaintiff conclusively proves that this was a trespass to real estate. We think it does not ; and that it may well support the plaintiff's claim for an injury to his personal estate. It does not appear that this building stood on land owned by any private individual. At any rate the plaintiff makes no claim to it. It was not a fixture. It had no cellar. It was a temporary shelter and used only while the owner was carrying on the fishery. If the shelter had been made with a tent instead of boards, &c., it would seem to be absurd to suppose that it should be treated or considered as part of the realty ; and the dimensions or materials of this camp do not essentially alter its character or purposes.

It was contended that such a building would be included in the betterment act, and that the owner might have his compensation for it allowed. If the owner of such a building or camp should be sued for the land, he might disclaim ; and if in fact he had done nothing more than the putting up of such a camp for temporary purposes, he would be liable in trespass to tne owner of the land, but a mere act of trespass could not maintain the allegation of the owner of the land that the party so trespassing claimed the soil and freehold. And if the camp were removed, the owner of the land would be entitled to nominal damages only, unless there should be evidence of actual damage to the soil or herbage.

We cannot think that such an act of trespass, without any claim of any interest in the land, would, in the meaning of the

.statute of 1807, c. 75, (betterment act,) be "a holding of
the land by virtue of a possession or improvement." It wants
the requisite permanency and intent. And without any evidence
of any claim of right of property or of possession in
the land, we think we cannot presume it.

We are all satisfied that the plaintiff has declared only for
a cause of action which was transitory, and that the evidence
corresponds, and does not by necessary legal intendment and
presumption involve the realty. Therefore the judgment
must be entered for the plaintiff, according to the agreement
of the parties, for forty dollars damages, with costs.